| | |
|---|---|
| OFELIA LUNA, LERA MACEBALE a/k/a SHIRLEY BERNARDO, EVA TEDASA a/k/a BRENDA BELTRAN, ) ) ) ) | CIVIL ACTION NO. 84-0004 |
| Plaintiffs, ) ) | |
| vs. ) | DECISION |
| YOSHIO KAMATA and YANO ENTERPRISES, INC., ) ) ) | |
| Defendants. ) ) | |

Plaintiffs brought this action for damages, alleging violations of the White Slavery Law, 18 U.S.C. Section 242, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sections 1961-1968. Plaintiffs allege that defendants operated a house of prostitution at the Club Diana in Saipan; that though they were hired as waitresses/dancers, they were recruited by defendants in the Philippines for this prostitution operation; and that defendants paid for their airplane tickets from the Philippines to Guam and then on to Saipan--all for the specific purpose of having them engage in prostitution with the Japanese customers of the Club Diana. Plaintiffs allege that as a result of defendants' conduct, they have been physically assaulted, battered and abused, and required to resign from their legitimate employment as waitresses and dancers.

AO 72
(Rev.8/82)

Defendants answered, denying plaintiffs' allegations, and brought this Motion to Dismiss. Defendants neglected to notify the Court under which Rule this motion is brought nor did they specify the grounds for which dismissal is sought. Instead, defendants cited 18 U.S.C. Section 1964(c), (the code section under which plaintiffs' complaint is brought), and made legal arguments with reference to matters outside the pleadings. (The motion for summary judgment filed earlier by plaintiffs was withdrawn by plaintiffs in open court).

Rule 12(b) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented..., the motion shall be treated as one for summary judgment... ." Defendants here presented no affidavits, facts or other evidence to support their legal arguments, and therefore this motion will not be treated as one for summary judgment.

The standard to be applied to a motion to dismiss is clear. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In addition, all allegations in the complaint must be construed in favor of the plaintiffs. Dela Cruz v. Tormey, 582 F.2d 45 (9th Cir. 1978).

///

AO 72
(Rev.8/82)

31

Should defendants argue that this motion to dismiss is brought for lack of subject matter jurisdiction, it has been held that a "defendant's assertion, that the sections of federal law cited by plaintiffs as the jurisdictional basis for suit are not applicable to the subject matter of the suit, does not defeat jurisdiction, but rather contests whether plaintiff has stated a cause of action." 5 Wright and Miller, Federal Practice and Procedure, Section 1350, citing Associated Dry Goods Corp. v. EEOC, 419 F.Supp. 814.

Regardless of the character of the motion to dismiss, the complaint will be construed broadly and liberally so as to do substantial justice, pursuant to F.R.C.P. Rule 8(f). Plaintiffs have alleged the existence of an enterprise, the required acts of racketeering and violations of one of the specified criminal statutes, and that they suffered damages as a proximate result of the defendants' activities.

It is clear that Congress intended RICO to aid the elimination of organized crime in the United States, and that immediate victims of racketeering activity were contemplated as civil plaintiffs for damages. Organized Crime Control Act of 1970, P.L. 91-452, 84 Stat. 922 (1970). There is no indication from the statute itself, that Congress intended RICO to be limited in any of the ways defendants suggest, or that RICO remedies only anti-competitive injury. Moreover, courts have uniformly acknowledged that RICO has a broad reach, though judicially imposed limits on that reach are quite varied and often at odds.

AO 72
(Rev.8/82)

32

However, contrary to defendants' suggestion, this Court finds that none of those limits are applicable to this case at this time.

Plaintiffs have made all the necessary pleading allegations and, though the allegations of damages do not verbatim fall under 18 U.S.C. Section 1964(c), they are sufficiently close to the statutory language to withstand a motion to dismiss. Thus, dismissal is not appropriate.

Defendants' motion is DENIED.

DATED this _____23rd_____ day of January, 1985.